**Russell Wayne MEYERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–92–01320–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 30, 1993.

Rehearing Denied Oct. 14, 1993.

---

**524**

Brian Wice, Houston, for appellant.

Rikke Graber, Houston, for appellee.

Before ROBERTSON, CANNON and BOWERS, JJ.

## OPINION

CANNON, Justice.

Appellant entered a plea of not guilty before a jury to the offense of aggravated sexual assault of a child. TEX.PENAL CODE ANN. § 22.021. He was convicted and the court assessed punishment at imprisonment for thirty-six years.

Appellant raises a single point of error: The trial court erred in admitting over defense counsel's timely objection, State's Exhibit No. 2, the complainant's pre-trial videotaped statement inasmuch as the videotape was not a prior consistent statement pursuant to TEX.R.CRIM.EVID. 801(e)(1)(B).

Appellant argues that State's Exhibit No. 2 was objectionable under Rule 801(e)(1)(B) because the statements it contained were made after any motive to fabricate or any improper influence had arisen. We find the trial objections did not preserve the point for appellate review. The judgment of conviction is affirmed.

■ When the State sought to have the videotape introduced into evidence, appellant's counsel objected on the ground that the 1991 revisions to the code of criminal procedure apply only to offenses that occurred after September 1, 1991. When the trial judge explained that the prosecutor was attempting to admit the tape under the rules of evidence, not the code of criminal procedure, appellant's counsel stated, "[T]his particular rule that she's relying on would be in the event that I wanted to introduce the video. I don't think that would apply to the State." After discussing the difference between consistent and inconsistent statements, appellant's counsel objected on the basis of TEX.CODE CRIM.PROC. 38.071. Finally, appellant's counsel stated, "And then restate my objection under the rule that you're allowing it under, Rule 801, on hearsay."

■ To preserve error, the complaining party must first afford the trial court an opportunity to rule on the specific complaint. *Chappell v. State,* 850 S.W.2d 508 (Tex.Crim. App.1993). The purpose of requiring a timely specific objection is to allow the trial court the opportunity to make a determination on the objection and then to proceed with the trial under the proper procedural and substantive manners, as appropriately corrected by the trial court. *Janecka v. State,* 823 S.W.2d 232, 243–44 (Tex.Crim.App.1992).

■ A point of error that does not comport with the trial objection presents nothing for review. *Coffey v. State,* 796 S.W.2d 175, 179 (Tex.Crim.App.1990). The Texas Rules of Criminal Evidence provide:

[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and ... [i]n case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the *specific* ground of objection, if the *specific* ground was not apparent from the context.

Rule 103(a)(1) (emphasis added).

Relying on *Lankston v. State,* 827 S.W.2d 907 (Tex.Crim.App.1992), appellant claims the error was properly preserved. In *Lankston,* the court held that, "where the correct ground for exclusion was obvious to the judge and opposing counsel, no waiver results from a general or imprecise objection." *Id.* at 908. Appellant urges us to accept the objection at trial of "hearsay" as sufficiently specific. "Identifying challenged evidence as hearsay ... should be regarded by courts at all levels as a sufficiently specific objection, except under the most unusual circumstances." *Lankston,* 827 S.W.2d at 910.

525

In *Lankston*, a prosecution for aggravated sexual assault of a child, the state sought to introduce testimony of an adult in whom the child victim first confided. Under a statutory exception to the hearsay exclusionary rule, the child's statements could be repeated in court by the adult to whom they were first reported, so long as they described the alleged offense. TEX.CODE CRIM.PROC.ANN. art. 38.072 (Vernon Supp.1993). Defense counsel objected, requesting that the prosecutor be instructed to pose his questions so as to limit the witness's testimony to matters within the hearsay exception created by article 38.072. After the witness began to repeat statements about matters beyond the alleged offense, defense counsel responded, "Your Honor, once again I'm going to have to object that this is hearsay." *Lankston*, 827 S.W.2d at 909–11.

The court overruled the objection and appellant was convicted. The court of appeals affirmed, holding that appellant's trial objection was too general to preserve the point for appellate review. *Id.* at 908. In reversing the court of appeals, the Court of Criminal Appeals explained,

[i]t is ... evident from the lower court's opinion that context played no part in its analysis. The Court of Appeals did not purport to find, nor does it seem at all likely to us it found, the sense of [appellant's] objection to have been unclear in this case. Rather, the lower court appears to have held that appellant was required expressly to say something like, "I object to this as being hearsay which is not excepted by article 38.07 because it has to do with uncharged conduct." *We do not disagree, of course, that an objection of the kind here raised by appellant should communicate at least this much information to the trial judge.* But, taken in context, it is clear to us that all participants at trial in fact understood appellant's objection to do just that, and could not reasonably have understood it to mean anything else.

*Lankston*, 827 S.W.2d at 911 (emphasis added).

In this case, appellant never communicated the basis of his Rule 801 objection. None of the participants at trial could have reason-ably understood appellant's objection as asserting that, in contravention of Rule 801(e)(1)(B), the exhibit contained statements made after any motive to fabricate or any improper influence had arisen. When it seems from context that a party failed effectively to communicate his desire, then reviewing courts should not hesitate to hold that appellate complaints arising from the event have been lost. *Id.* at 909.

Appellant's objection did not preserve his point of error. The trial court did not, and reasonably could not have, understood appellant to be complaining of the issue raised on appeal. Appellant's point of error is overruled.

The judgment below is affirmed.

BOWERS, J., not participating.