ACCEPTED
12-14-00150-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
7/21/2015 4:24:53 PM
CATHY LUSK
CLERK

12-14-00150-CR

IN THE TWELFTH COURT OF APPEALS OF TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
7/21/2015 4:24:53 PM
CATHY S. LUSK
Clerk

TYLER, TEXAS

DEEDRA GRUBBS
Appellant

v.

THE STATE OF TEXAS
Appellee

On Appeal from Cause No. 14-CR-19,075

in the 273RD Judicial District Court of Shelby County, Texas

APPELLEE'S BRIEF

123rd JUDICIAL DISTRICT ATTORNEY'S OFFICE

Kenneth Florence, District Attorney
Lead Counsel
State Bar No. 00790698
200 San Augustine Street - Suite 12
Center, Texas 75935
(936) 598-2489
(936) 598-4106 Fax

# TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

Reversible Error Standard Generally Applicable to the Case . . . . . . . . . . . . . . . . 3

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

      Issue A: Hearsay Evidence Exclusion (letters) . . . . . . . . . . . . . . . . . . . . . 3

            Declaration Against Penal Interest . . . . . . . . . . . . . . . . . . . . . . . . . .7

            Prior Consistent Statements, Corroboration and Improper Bolstering .

            . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

      Issue B: Hearsay Evidence Exclusion (co-defendant's in-car video

      statement) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

# TABLE OF AUTHORITIES

**CASES**

*Alford v. State*, 400 S.W.3d 924 (Tex.Crim.App. 2013) . . . . . . . . . . . . . . . . . . . . 13

*Bigon v. State*, 252 S.W.3d 360 (Tex.Crim.App.2008) . . . . . . . . . . . . . . . . . . . . . . 3

*Bingham v. State*, 987 S.W.2d 54 (Tex.Crim.App. 1999) . . . . . . . . . . . . . . . . 2, 7, 9

*Bolden v. State*, 967 S.W.2d 895 (Tex.App. —Fort Worth 1998) . . . . . . .14, 15, 16

*Busby v. State*, 253 S.W.3d 661 (Tex. Crim. App. 2008) . . . . . . . . . . . . . . . . . . . .16

*Coffin v. State*, 885 S.W.2d 140 (Tex.Crim.App.1994) . . . . . . . . . . . . . . . . . . . . . .2

*Cofield v. State*, 891 S.W.2d 952 (Tex.Crim.App.1994) . . . . . . . . . . . . . . . . . . . . .7

*Cohn v. State*, 849 S.W.2d 817 (Tex.Crim.App.1993) . . . . . . . . . . . . . . . . . . . . . .15

*Cunningham v. State*, 877 S.W.2d 310 (Tex.Crim.App.1994) . . . . . . . . . . . . . . . 2

*Davis v. State*, 872 S.W.2d 743 (Tex.Crim.App.1994) . . . . . . . . . . . . . . . . . . . . 8, 9

*Dewberry*, 4 S.W.3d 735 (Tex.Crim.App. 1999) . . . . . . . . . . . . . . . . . . . . .8, 9*,* 10

*Harris v. State*, 790 S.W.2d 568 (Tex.Crim.App. 1989) . . . . . . . . . . . . . . . . . . 3, 12

*Holland v. State*, 761 S.W.2d 307 (Tex. Crim. App. 1988) . . . . . . . . . . . . . . . . . . .6

*In re R.A.L.*, 291 S.W.3d 438 (Tex.App.—Texarkana 2009) . . . . . . . . . . . . . . . .16

*Lawton v. State*, 913 S.W.2d 542 (Tex.Crim.App.1995) . . . . . . . . . . . . . . . . . . . . .2

*Matchett v. State*, 941 S.W.2d 922 (Tex. Crim. App. 1996) . . . . . . . . . . . . . . . . . 6

*McCraw v. Maris*, 828 S.W.2d 756 (Tex. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Motilla v. State*, 78 S.W.3d 352 (Tex.Crim.App. 2002) . . . . . . . . . . . . . . . . . . 3, 12

*Meyers v. State*, 865 S.W.2d 523 (Tex.App.—Houston [14th Dist.] 1993) . . . . . 15

*Ray v. State*, 764 S.W.2d 406 (Tex.App.—Houston [14th Dist.] 1988) . . . . . .15, 16

*Snowden v. State*, 353 S.W.3d 815 (Tex.Crim.App. 2011) . . . . . . . . . . . . . . . . 3, 12

*State v. Duran*, 396 S.W.3d 563 (Tex.Crim.App.2013) . . . . . . . . . . . . . . . . . . . . .13

*State v. Kelly*, 204 S.W.3d 808 (Tex.Crim.App.2006) . . . . . . . . . . . . . . . . . . . . . .13

*Turrubiate v. State*, 399 S.W.3d 147 (Tex.Crim.App.2013) . . . . . . . . . . . . . . . . . 13

*Walter v. State*, 267 S.W.3d 883 (Tex.Crim.App. 2008) . . . . . . . . . . . . .8, 10, 11, 12

*White v. Illinois*, 502 U.S. 346, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992) . . . . . . . . .9

*Wigiert v. State*, 948 S.W.2d 54 (Tex.App.—Fort Worth 1997) . . . . . . . . . . . . . . .2

*Williams v. State*, 927 S.W.2d 752 (Tex.App.—El Paso 1996) . . . . . . . . . . . . . . .15

*Williamson v. U.S.*, 512 U.S. 594, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994) . . . . . 7

**STATUTES**

VERNON'S TEX. CODE CRIM. PROC., ART. 1.14(a) . . . . . . . . . . . . . . . . . . . . . .6

**RULES OF COURT**

TEX. R. APP. PRO. 38.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16

TEX. R. APP. PRO. 44.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 3, 7, 12

TEX.R.EVID. 103 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 6, 12

TEX.R.EVID. 401. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

TEX.R.EVID. 613© . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

TEX.R.EVID. 801(e)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 13, 14, 15

TEX.R.EVID. 802 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

TEX.R.EVID. 803(1)-(24) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

TEX.R.EVID. 803(24) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2, 7, 8, 10

TEX.R.EVID. 804(b)(1)-(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

The State of Texas hereby presents this its Appellee's Brief on appeal.

## Summary of the Argument

In the instant case, Appellant has raised two (2) issues involving alleged evidentiary rule violations, neither of which have merit. Even if the issues had merit, which they do not, none of the issues would have affected *substantial rights* of the defendant such as to constitute reversible error under TEX. R. APP. PRO. 44.2(b) (hereafter "TRAP"); *see also* TEX.R.EVID. 103 (hereafter "TRE").

Appellant's two issues both deal with the exclusion of hearsay evidence. The exclusion of the hearsay evidence was proper and within the sound discretion of the trial court. The defense had asserted that certain hearsay statements of Appellant's co-defendant were admissible, either as a declaration against penal interest or that they were "corroborating".

Both statements (letters and video statement of co-defendant) were not admissible because the declarant himself testified in Appellant's trial thus rendering the hearsay statements unnecessary and duplicitous, the admission of the evidence would have been improper bolstering as the declarant's credibility on this issue was not attacked, and the statements, at least as to Appellant's involvement in the murder, were not trustworthy nor corroborated as the declarant had a motive to be untruthful to protect his wife, the Appellant.

1

Furthermore, the evidentiary rule basis upon which Appellant seeks to rely for admission of both of the out of court statements was not satisfied for either issue.

## Standard of Review

Appellee urges that in reviewing the alleged evidentiary rule violations at issue in this case, the standard of review is: Abuse of Discretion. Specifically, for *declarations against penal interest*:

"The standard for an appellate court's review of a trial court's decision to admit or exclude a hearsay statement under Rule 803(24) is whether the trial court abused its discretion. *Coffin v. State*, 885 S.W.2d 140, 149 (Tex.Crim.App.1994); *Cunningham v. State*, 877 S.W.2d 310, 313 (Tex.Crim.App.1994)." *Bingham v. State*, 987 S.W.2d 54, 57 (Tex.Crim.App. 1999).

Specifically, for *prior consistent statements used for corroboration*:

"The trial court's determination of the admissibility of evidence under Rule 801(e)(1)(B) is reviewed under an abuse of discretion standard". See *Lawton v. State*, 913 S.W.2d 542, 561 (Tex.Crim.App.1995); *Wigiert v. State*, 948 S.W.2d 54, 56 (Tex.App.—Fort Worth 1997, no pet.)(prior statement of co-conspirator to rehabilitate).

Under the abuse of discretion standard, if the trial court's ruling was within the zone of reasonable disagreement, an appellate court will not disturb the ruling.

2

*Bigon v. State*, 252 S.W.3d 360, 367 (Tex.Crim.App.2008).

## Reversible Error Standard Generally Applicable to the Case

In this case, both of Appellant's issues expressly rely on evidentiary rules, and not on any state or federal constitutional provisions. Appellee asserts that neither issue has merit. In any event, if the court were to rule otherwise, Appellant cannot show harm due to the otherwise overwhelming nature of the evidence proving her guilt[1]. The standard set forth in Texas Rule of Appellate Procedure 44.2(b) would apply, if indeed there were error: *any error that does not affect substantial rights must be disregarded*.

## Argument

## Issue A: Hearsay Evidence Exclusion (letters of co-defendant)

In her first issue, Appellant states the trial court erred when it failed to admit Defense Exhibits 7-12. (9 RR 78-80). Defense Exhibits 7-12 purport to be letters written by Appellant's co-defendant, *her husband*, authored from the co-defendant's jail cell, after the murder and assaults had taken place. (8 RR 52-55).

---

[1]An appellate court may consider overwhelming evidence of an Appellant's guilt in it's harm analysis under TRAP 44.2(b). *Motilla v. State*, 78 S.W.3d 352, 360 (Tex.Crim.App. 2002); *Harris v. State*, 790 S.W.2d 568 (Tex.Crim.App. 1989)(*overruled on other grounds* in *Snowden v. State*, 353 S.W.3d 815 (Tex.Crim.App. 2011)).

Co-defendant Bobbie Grubbs testified at length during Appellant Deedra Grubbs' trial on June 3, 2015 that he forced Appellant to commit the crimes[2]. (8 RR 9-113, *passim*[3]). *Waiting until the next day*, June 4, 2015, after the witness had completed his testimony and was released from the trial and sent back to the Texas Department of Criminal Justice - Criminal Institutions Division to serve his

---

[2]The fact Bobbie Grubbs testified directly negates Appellant's claim that "Grubbs was prevented from providing exculpatory and mitigating evidence to the jury by and through these statements against interest made by Bobbie Grubbs." Appellant's Brief at 14-15.

[3]8 RR 34 - declarant testifies about forcing Appellant and her stating "Bobbie, no."; 8 RR 35 - declarant pointed a gun at Appellant and hit her in the ribs with it to force Appellant to take declarant to an earlier home invasion; 8 RR 35 - Appellant was trying to warn the home invasion victim by jumping up and down; 8 RR 36-37 - Appellant was running around freaked out and scared/panicked; 8 RR 38 - declarant states to appellant "If you do anything, and tell anybody, I'll kill your family, I'll kill our kids, I'll kill you, I'll kill everybody."; 8 RR 40 - declarant states to appellant at a temporary place of safety "I told her, if she said anything, I was going to shoot her and her kids, too."; 8 RR 44 - at a gold dealer trying to sell stolen property "I told her if she got her phone, if I seen her on the phone, I was going in there and shoot everybody in there. And she cashed it in—against her will."; 8 RR 42-43 - "I had to say something so she would try to stay with me instead of trying to go away from me."; 8 RR 43 - declarant "tore" the phone up in the hotel to control Appellant; 8 RR 44 - declarant made Appellant write a will "I was going to go ahead and put her out of her misery."; 8 RR 45 - declarant testified he intended to kill Appellant and testified he told her so; 8 RR 45 - Question: "Bobbie, did you and Deedra ever agree on any of this stuff to happen?" Answer: "She didn't. It was—it was all me. I was just making her come along."; 8 RR 46 - Question: "So any plan was your plan?" Answer: "It was all me."; 8 RR 47 - on day of shooting "I made her sit beside me" smoking a cigarette on porch of hotel room; 8 RR 47 - "Stay here. Don't get up."; 8 RR 48 - declarant made her get in car after shooting, Appellant was saying "stop, stop, stop, stop."; 8 RR 59 - declarant told Appellant everything to do (on cross-examination with no charge of recent fabrication); 8 RR 63 - Appellant tried to warn victim; 8 RR 65 - Appellant did not go voluntarily; 8 RR 66 - declarant had a gun on Appellant the whole time; 8 RR 66-67 - declarant threatened to kill Appellant, her family, and everyone she knew; 8 RR 82 - declarant wrote letters to Appellant asking her to lie to protect him at trial; 8 RR 90 - declarant tied Appellant up, he tied her hands to her feet so she could not leave; 8 RR 96 - declarant: "I never discussed anything with Deedra (about the crimes). I just told her what to do."; 8 RR 105 - "She did what I told her to do."; 8 RR 111 - "If she called the cops, I would shoot her."

4

own life without parole sentence for his role in these heinous crimes, *and after four other intervening witnesses had testified*[4], and in fact *after all witnesses had testified* before the petit jury, <u>the defense only then</u> attempted to have Bobbie Grubbs' self-serving letters admitted into evidence. (9 RR 78-80). Defense Counsel: "I want to put some things into evidence." (9 RR 77-78). There was no witness on the stand at the time.

The letters had actually come up during the declarant's live in-court testimony the day before, but the defense counsel stated "Judge, I've got some letters I want to authenticate but not offer at this time.[5]" (8 RR 52-53, 54-55). The trial judge stated "You are not offering them at this time, correct?" (8 RR 55) Whereupon defense counsel stated "Not at this time." (8 RR 55). The witness was then passed without ever offering the exhibits into evidence. (8 RR 56). Ultimately, the witness was finally passed, not subject to recall, without the defense attempting to introduce the hearsay statements. (8 RR 113 - Defense: "I pass the witness....Your Honor, so far as we're concerned, he can go back" (to prison).) The State had previously stated that it would review the statements later,

---

[4] (8 RR 113-157; 9 RR 1-76).

[5]That strategy, had it worked, would have deprived the State the opportunity to cross-examine the declarant regarding the statements. However, the defense is not allowed to wait until the next day to offer the statements after the witness has already left the stand.

in the event they are offered, to save the jury time. (8 RR 55 - State: "Then I'll review them later. That way we don't take the jury's time." Defense: "Okay".) The hearsay statements should have been attempted to be admitted during the declarant's testimony on direct or re-direct, not the next day after all testimony had been taken in the case. By not offering the statements in a timely fashion with a witness on the stand, Appellant has waived/procedurally defaulted this issue. Any right of a criminal defendant can be waived. VERNON'S TEX. CODE CRIM. PROC., art. 1.14(a); *Matchett v. State*, 941 S.W.2d 922, 930-31 (Tex. Crim. App. 1996); *Holland v. State*, 761 S.W.2d 307, 313 (Tex. Crim. App. 1988).

In any event, at the time the statements were actually offered, the State objected on hearsay grounds, that the letters were only written after the crime (in anticipation of litigation), and that the letters did not meet the standard for a co-conspirator admission in furtherance of a conspiracy or to rebut a charge of recent fabrication. (9 RR 77-79). Defense counsel argued for admission on the basis of "declaration against penal interest" and for "corroboration." (9 RR 79-81).

**The Law Applicable to the Issue**

**Texas Rule of Evidence 103**: Rulings on Evidence

"(a) Effect of Erroneous Ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is

6

affected, and....[a timely specific objection is required]." This standard uses the same language as TRAP 44.2(b).

**Hearsay Rule**

Generally, "hearsay is not admissible...." TRE 802. There are 27 exceptions to the rule however. TRE 803(1)-(24)(unavailability of witness immaterial); TRE 804(b)(1)-(3)(unavailability required).

**Declaration Against Penal Interest (TRE 803(24))**

"Any determination regarding the admissibility of a statement in accordance with rule 803(24) requires a two-step inquiry. First, the trial court must determine whether the statement in question tends to expose the declarant to criminal liability. *Williamson v. U.S.*, 512 U.S. 594, 599-601, 114 S.Ct. 2431, 2435, 129 L.Ed.2d 476 (1994); *Cofield v. State*, 891 S.W.2d 952, 956 (Tex.Crim.App.1994). Second, the trial court must determine if there are corroborating circumstances that clearly indicate the trustworthiness of the statement. TEX.R. EVID. 803(24). If both these criteria are met, then rule 803(24) is satisfied." *Bingham v. State*, 987 S.W.2d 54, 57 (Tex.Crim.App. 1999).

After *Bingham*, the Texas Court of Criminal Appeals refined the two-step test analysis in *Dewberry v. State*[6], and more recently, *Walter v. State*[7]. The *Dewberry* court wrote: "In order for a declaration against interest to be admissible under Rule 803(24) of the Texas Rules of Criminal Evidence, the statement must be self-inculpatory with corroborating circumstances to indicate the trustworthiness of the statements. *Dewberry*, 4 S.W.3d 735, 751 (Tex.Crim.App. 1999).

Continuing in *Dewberry*, the Court of Criminal Appeals detailed a six part test for *corroborating circumstances*:

""We discussed the requirements for corroboration of a statement against interest in *Davis v. State*, 872 S.W.2d 743 (Tex.Crim.App.1994). The corroboration must be sufficiently convincing to clearly indicate the trustworthiness of the statement. A trial court should consider a number of factors: (1) whether guilt of declarant is inconsistent with guilt of the defendant, (2) whether declarant was so situated that he might have committed the crime, (3) the timing of the declaration, (4) the spontaneity of the declaration, (5) the relationship between the declarant and the party to whom the statement is made, and (6) the existence of independent

---

[6]4 S.W.3d 735 (Tex.Crim.App. 1999).

[7]267 S.W.3d 883 (Tex.Crim.App. 2008).

corroborative facts. *See Bingham*, 987 S.W.2d at 58; *Davis*, 872 S.W.2d at 749."

*Dewberry*, 4 S.W.3d at 751. Evidence which undermines the reliability of the statement as well as evidence corroborating its trustworthiness may be considered. *Bingham*, 987 S.W.2d at 58. "In *White v. Illinois*, 502 U.S. 346, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992), ...."A statement that qualifies for admission under a 'firmly rooted' hearsay exception is so trustworthy that adversarial testing can be expected to add little to its reliability." *Id*. at 357, 112 S.Ct. 736." *Dewberry*, 4 S.W.3d at 752.

Herein, factors (3), (4) and (5) clearly weighed against admission. Regarding (3) and (4), the statements were not spontaneous, but were letters drafted after the crime had been committed, from a jail cell written in anticipation of trial, and defendant admitted he had written letters to Appellant asking her to lie for him[8]. Regarding (5), the fact that Appellant and her co-defendant were husband and wife[9] also militates in favor of exclusion due to the relationship between the parties. The declarant was merely trying to protect his wife from conviction. The trial testimony of the declarant included the following exchange at 8 RR 81-82:

---

[8]8 RR 81-82.

[9]Appellant's Brief at 9.

9

Question: "In those letters you discussed the upcoming trials and what each of you might say at the upcoming trials, isn't that correct?"

Answer: "Yes."

Question: "You asked her to try to protect you at trial, didn't you?"

Answer: "Yes."

The foregoing exchange clearly indicates that Defense Exhibits 7-12 were not trustworthy, and therefore, their exclusion from evidence was proper.

Finally, *Walter v. State* details what "self-inclupatory", the first part of the two part *Dewberry* test, entails. *See Walter v. State*, 267 S.W.3d 883 (Tex.Crim.App. 2008):

"We granted review to determine whether the entire conversation was admissible as a statement against interest under Texas Rule of Evidence 803(24) or only those specific portions that were actually against [declarant's] penal interest."
"We conclude that only those statements that are directly against the speaker's penal interest (including " blame-sharing" statements) are admissible under Rule 803(24)." *Walter,* 267 S.W.3d at 886. The *Walter* Court also stressed the need for sufficient corroborating circumstances that clearly indicate the trustworthiness of the statement. *Id*. at 891.

10

The *Walter* Court concluded that only the self-inculpatory aspects of a declaration against penal interest are deemed reliable. Blame shifting and *neutral comments* do not have heightened reliability. The *Walter* Court wrote: "The fact that a person is making a broadly self-inculpatory confession does not make more credible the confession's non-self-inculpatory parts. One of the most effective ways to lie is to mix falsehood with truth, especially truth that seems particularly persuasive because of its self-inculpatory nature. [citation omitted] In distinguishing between self-inculpatory remarks and *those remarks that are collateral to the self-inculpatory ones*, ...the fact that a statement is self-inculpatory does make it more reliable; but *the fact that a statement is collateral to a self-inculpatory statement says nothing at all about the collateral statement's reliability. We see no reason why collateral statements, even ones that are neutral as to interest ... should be treated any differently from other hearsay statements that are generally excluded*. [citation omitted]" *Walter,* 267 S.W.3d at 893. (Italics emphasis added).

"The most faithful reading of [the Rule] is that it does not allow admission of non-self-inculpatory statements, even if they are made within a broader narrative that is generally self-inculpatory." *Id.* "Thus, a trial court may not just assume that a particular statement is self-inculpatory merely because it is part of a

11

fuller narrative that is, in its entirety, self-inculpatory." *Id.*

*Walter* also noted with approval other courts' conclusions: "statements that are most likely to be untrustworthy-those statements consciously made with an eye toward later criminal litigation...." *Id.* at 897 (citations omitted).

Therefore, Defense Exhibits 7-12, which purport to minimize Appellant's responsibility for her role in these crimes were properly excluded because that portion of the statements were not "self-inculpatory" as to Appellant, but were neutral at best or blame shifting to an already convicted declarant, who had written the letters after the crime and in anticipation of litigation. The relevant portion of the declarant's statements were not self-inculpatory, were not corroborated, and were not trustworthy at all.

The trial court properly excluded Defense Exhibits 7-12, and their exclusion was not error, but even if it were, due to the overwhelming evidence of Appellant's guilt, she could never show that a "substantial right was affected." TRAP 44.2(b) (standard of review); TRE 103(standard of review); *Motilla v. State*, 78 S.W.3d 352, 360 (Tex.Crim.App. 2002)(overwhelming evidence); *Harris v. State*, 790 S.W.2d 568 (Tex.Crim.App. 1989)(overwhelming evidence) (*overruled on other grounds* in *Snowden v. State*, 353 S.W.3d 815 (Tex.Crim.App. 2011)).

12

## Prior Consistent Statements, Corroboration, and Improper Bolstering

The other purported basis for the admission of Defense Exhibits 7-12 was for "corroboration." (9 RR 79-81). The law concerning corroboration by prior consistent statement is found in the following rules of evidence:

**TRE 613( c ):** Prior Consistent Statements of Witnesses. "A prior statement of a witness which is consistent with the testimony of the witness is inadmissible except as provided in 801(e)(1)(B)."

**TRE 801**

"(e) Statements Which are not Hearsay[10]. A statement is not hearsay if:

(1) Prior Statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is:...

(B) consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive...."

(2) Admission by a party-opponent. The statement is offered against

---

[10]Although the State's objection was, in part, on hearsay grounds, the trial court's ruling must be upheld on any applicable legal theory. *Alford v. State*, 400 S.W.3d 924, 928-929 (Tex.Crim.App. 2013); *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex.Crim.App.2013); *State v. Duran*, 396 S.W.3d 563, 574 (Tex.Crim.App.2013); *State v. Kelly*, 204 S.W.3d 808, 818 (Tex.Crim.App.2006).

a party and is:...

(E) a statement by a co-conspirator of a party during the course

and in furtherance of the conspiracy."

Stated more concisely in case law than under the rules:

"Rule 801(e)(1)(B) states that a prior consistent statement is admissible if:

(1) the declarant testifies at trial;

(2) the declarant is subject to cross-examination concerning the statement;

(3) the prior statement is consistent with the declarant's testimony at trial; and

(4) the prior statement is offered to rebut an express or implied charge against the

declarant of recent fabrication or improper motive or influence.

See TEX.R.CRIM. EVID. 801(e)(1)(B)." *Bolden v. State*, 967 S.W.2d 895, 898

(Tex.App. —Fort Worth 1998).

Under these rules, a prior consistent statement comes into evidence only to

rebut a charge of recent fabrication, which was not done in this case[11], or was a

statement made in furtherance of and during a conspiracy, which was also not the

situation in this case[12]. Furthermore, as Defense Exhibits 7-12 were not offered

into evidence until after all witnesses had testified and declarant had already been

---

[11]There was no claim of recent fabrication to make previous consistent story admissible (9 RR 79).

[12]There was no co-conspirator admission in furtherance of the conspiracy (9 RR 77-78).

14

released, the declarant was not subject to cross-examination concerning the statements, which availability for cross-examination is a condition precedent to admissibility under TRE 801(e)(1). *See* TRE 801, s*upra; Bolden, supra.*

In reality, what the defense was trying to do by attempting to admit Defense Exhibits 7-12, was to "improperly bolster" the testimony of the declarant. "Bolstering occurs when additional evidence is used to add truthfulness or greater weight to earlier, unimpeached evidence offered by the same party. *See Williams v. State*, 927 S.W.2d 752, 763 (Tex.App.—El Paso 1996, pet. ref'd). Stated differently, "bolstering" refers to any evidence that is offered for the sole purpose of convincing the fact finder that a particular witness or source of evidence is worthy of credit, without substantively contributing to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. *See Cohn v. State*, 849 S.W.2d 817, 819-20 (Tex.Crim.App.1993); see also TEX.R.EVID. 401." *Bolden v. State*, 967 S.W.2d 895, 898 n. 1 (Tex.App. —Fort Worth 1998).

In order to assert on appeal that a prior statement was inadmissible because it did not predate a motive to fabricate, a litigant must have objected on that basis to the trial court. *See Meyers v. State*, 865 S.W.2d 523, 524-25 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd); *see also Ray v. State*, 764

15

S.W.2d 406, 411 (Tex.App.—Houston [14 th Dist.] 1988, pet. ref'd); *Bolden v. State*, 967 S.W.2d at 899. In this case, the State properly objected to the statements on this basis as well. (9 RR 77-78).

Clearly, Defense Exhibits 7-12 were not admissible as "corroboration" for all of the reasons set forth above.

Even under the civil law cases cited by Appellant in her brief at P. 7-8, *In re R.A.L.*, 291 S.W.3d 438 (Tex.App.—Texarkana 2009, no pet.) and *McCraw v. Maris*, 828 S.W.2d 756, 757 (Tex. 1992), the Appellant has failed to meet that standard. Appellant makes no argument as to how the alleged trial court error was "reasonably calculated to cause and probably did cause rendition of an improper judgment." *Id.* Therefore, this issue may also be considered to be inadequately briefed, and thus, present nothing for review. *See* TEX. R. APP. PROC. 38.1(e), (f), (h), (I); *Busby v. State*, 253 S.W.3d 661, 673 (Tex.Crim.App. 2008).

The first issue should be overruled.

## Issue B: Hearsay Evidence Exclusion (co-defendant's in-car video statements)

In her second issue, Appellant claims that the trial court erred when it excluded her co-conspirator's in-car video statements made while the declarant was being transported to jail after the crimes had been committed and after Appellant and her co-defendant had been captured pursuant to a manhunt.

The legal principles set forth in Issue A are germane to this issue, and therefore, those citations and argument are incorporated herein as if fully set forth as above. The video was attempted to be introduced as Defense Exhibit 15. (Appellant's Brief at 16; 9 RR 80-82).

As in "Issue A", Appellant again asserts that Defense Exhibit 15 should have been admitted as a declaration against penal interest and for corroboration. However, the analysis is exactly the same. Video hearsay statements as to Appellant's role are not self-inculpatory as to declarant; the statements were made in anticipation of litigation and after the crime was over; the statements were not trustworthy; the statements attempted to minimize blame for declarant's wife, which is a motive to be untruthful; declarant was not subject to cross-examination as the video was only sought to be admitted after all witnesses had testified and been released; and the State noted that declarant's statements had been consistent all along and that there was no charge of recent fabrication (9 RR 79). Therefore, for the reasons that Defense Exhibits 7-12 were properly excluded, Defense Exhibit 15 was likewise properly excluded.

Appellant's second issue should be overruled.

## PRAYER

**WHEREFORE** for the reasons set forth above, Appellant's judgment and sentence should be in all things AFFIRMED.

Respectfully submitted,

123rd JUDICIAL DISTRICT ATTORNEY

/S/ Kenneth B. Florence
STATE'S ATTORNEY    TB#00790698
200 San Augustine Street ~ Suite 12
Center, Texas 75935
(936) 598-2489     Fax (936) 598-4106

## CERTIFICATE OF COMPLIANCE

The computer generated Appellee's Brief in this case contains 4554 words. Appellee certifies he relied on the word count of the computer program used to prepare the document.                          /S/ Kenneth Florence

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appellee's Brief, as related above, was served upon, Jeff Adams, Attorney for Appellant, 119 Logansport Street, Center, Texas 75935, by E-file Texas, on this the 21st day of July 2015.                          /S/ Kenneth Florence